

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: TAXOTERE (DOCETAXEL) EYE INJURY
PRODUCTS LIABILITY LITIGATION

**FILED**
Feb 11, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MDL No. 3023

## TRANSFER ORDER

**Before the Panel**: Plaintiff in an action pending in the Northern District of California moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, the District of Arizona. This litigation consists of six actions pending in four districts, as listed on Schedule A. Since the motion was filed, the parties have notified the Panel of five related federal actions pending in five districts.[1] Plaintiff in the Middle District of Alabama potential tag-along action supports centralization in the District of Arizona or, alternatively, the Northern District of California. Defendants Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. oppose centralization or, alternatively, suggest centralization in the Eastern District of Louisiana or, alternatively, the Southern District or Western District of Texas.

On the basis of the papers filed and the hearing session held,[2] we find that the actions before us involve common questions of fact, and that centralization in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that the chemotherapy drug Taxotere (docetaxel) can cause users to suffer permanent eye damage, and that defendants failed to warn patients. Plaintiffs in these actions each allege that they developed excessive tearing (epiphora) as a result of permanent injuries to their tear ducts after chemotherapy treatment with Taxotere. All actions will require discovery regarding Taxotere's development, marketing, and sale; its alleged propensity to cause eye injury; defendants' knowledge of the risk of eye damage posed by the drug; and the adequacy of Taxotere's warning label as to that risk. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2. The Panel was notified of a sixth related action that has been dismissed. At oral argument, the parties represented that thirteen total actions now are pending.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of January 27, 2022. *See* Suppl. Notice of Hearing Session, MDL No. 3023 (J.P.M.L. Jan. 10, 2022), ECF No. 24.

- 2 -

Defendants argue that centralization is premature at this time because there are only thirteen cases currently pending. But they concede that the actions involve common factual issues and that centralization at this time would create efficiencies and be beneficial to all parties. While "we are disinclined to take into account the mere possibility of future filings in our centralization calculus,"[3] movant's counsel stated at oral argument that he represents over 100 potential claimants, and that additional case filings are imminent as soon as counsel procures plaintiffs' medical records. These specific representations persuade us that the litigation soon will grow to the point where informal coordination will be infeasible.

The Eastern District of Louisiana is an appropriate transferee district for this litigation. MDL No. 2740 – *In re Taxotere (Docetaxel) Products Liability Litigation*—involving the same drug and the Sanofi defendants—is pending in that district before Judge Jane Triche Milazzo. Although the injury alleged here is different than the permanent hair loss injury alleged in MDL No. 2740, there may be some overlap between these litigations in pretrial proceedings. Further, this litigation involves some of the same parties and counsel as MDL No. 2740. Judge Milazzo, therefore, is in a unique position to guide this litigation to an efficient resolution.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Jane Triche Milazzo for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Dale A. Kimball |
| Roger T. Benitez | Madeline Cox Arleo |

---

[3]   *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013).

IN RE: TAXOTERE (DOCETAXEL) EYE INJURY  
PRODUCTS LIABILITY LITIGATION      MDL No. 3023

## SCHEDULE A

### District of Arizona

22-324 H(5)   CONE v. SANOFI US SERVICES, INCORPORATED, ET AL., C.A. No. 2:21−00689

### Central District of California

22-325 H(5)   BURNS v. SANOFI US SERVICES, INC., ET AL., C.A. No. 2:21−08964  
22-326 H(5)   HAMILTON−MOEWS v. SANOFI US SERVICES, INC., ET AL., C.A. No. 5:21−00718

### Eastern District of California

22-327 H(5)   VEGA v. SANOFI US SERVICES, INC., ET AL., C.A. No. 2:21−00730

### Northern District of California

22-328 H(5)   PORTER v. SANOFI US SERVICES, INC., ET AL., C.A. No. 3:21−01891  
22-329 H(5)   ESTELL v. SANOFI US SERVICES, INC., ET AL., C.A. No. 3:21−02749